Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WEISBERG, individually and on behalf of all others similarly situated, | Case No. 8:16-cv-01844 |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| LOCAL TOP RANK, and DOES 1 through 10, inclusive, and each of them, | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| Defendant. | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff JONATHAN WEISBERG ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of LOCAL TOP RANK ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a California company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

4.     Plaintiff, JONATHAN WEISBERG ("Plaintiff"), is a natural person residing in Whittier, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

---

**COMPLAINT**

5.     Defendant, LOCAL TOP RANK ("Defendant") is in the business of web search optimization, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     Beginning in or around February 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -2922, in an attempt to solicit Plaintiff to purchase Defendant's services.

9.     Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

10.    Defendant contacted or attempted to contact Plaintiff from telephone numbers (980) 265-9987.

11.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls

**COMPLAINT**

1  pursuant to *47 U.S.C. § 227(b)(1)*.

2      13.     During all relevant times, Defendant did not possess Plaintiff's "prior

3  express consent" to receive calls using an automatic telephone dialing system or an

4  artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. §*

5  *227(b)(1)(A)*.

6      14.     Further, Plaintiff's cellular telephone number ending in -2922 was

7  added to the National Do-Not-Call Registry on or about February 3, 2009.

8      15.     Defendant placed multiple calls soliciting its business to Plaintiff on

9  his cellular telephone ending in -2922 in or around February 2016.

10     16.     Such calls constitute solicitation calls pursuant to 47 C.F.R. §

11 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

12     17.     Plaintiff received numerous solicitation calls from Defendant within a

13 12-month period.

14     18.     Despite this, Defendant continued to call Plaintiff in an attempt to

15 solicit its services and in violation of the National Do-Not-Call provisions of the

16 TCPA.

17     19.     Upon information and belief, and based on Plaintiff's experiences of

18 being called by Defendant, and at all relevant times, Defendant failed to establish

19 and implement reasonable practices and procedures to effectively prevent

20 telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §

21 227(c)(5).

22                              **CLASS ALLEGATIONS**

23     20.     Plaintiff brings this action individually and on behalf of all others

24 similarly situated, as a member the four proposed classes (hereafter, jointly, "The

25 Classes"). The class concerning the ATDS claim for no prior express consent

26 (hereafter "The ATDS Class") is defined as follows:

27         All persons within the United States who received any

28

---

**COMPLAINT**

solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

21. The class concerning the ATDS claim for revocation of consent, to the extent prior consent existed (hereafter "The ATDS Revocation Class") is defined as follows:

All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

22. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

23. The class concerning the National Do-Not-Call violation following revocation of consent and prior business relationship, to the extent they existed (hereafter "The DNC Revocation Class") is defined as follows:

All persons within the United States registered on the National

---

**COMPLAINT**

Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint.

24.     Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

25.     Plaintiff represents, and is a member of, The ATDS Revocation Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

26.     Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

27.     Plaintiff represents, and is a member of, The DNC Revocation Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or

**COMPLAINT**

on behalf of Defendant that promoted Defendant's products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint.

28. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

29. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

30. Plaintiff and members of The ATDS Class and The ATDS Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class and ATDS Revocation Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class and ATDS Revocation Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class and ATDS Revocation Class members.

31. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

**COMPLAINT**

a.  Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.  Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.  Whether Defendant should be enjoined from engaging in such conduct in the future.

32.  As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

33.  Common questions of fact and law exist as to all members of The ATDS Revocation Class which predominate over any questions affecting only individual members of The ATDS Revocation Class.  These common legal and factual questions, which do not vary between ATDS Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Revocation Class members, include, but are not limited to, the following:

a.  Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Revocation Class member, who had revoked any prior express consent to be called using an ATDS, using any automatic

**COMPLAINT**

telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the ATDS Revocation Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Revocation Class.

35. Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class and DNC Revocation Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class and DNC Revocation Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class and DNC Revocation Class members were damaged thereby.

36. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose

**COMPLAINT**

telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

b.    Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c.    Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

37.    As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Class.

38.    Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Revocation Class.   These common legal and factual questions, which do not vary between DNC Revocation Class members, and which may be determined without reference to the individual circumstances of any DNC Revocation Class members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had revoked any prior express consent and any established business relationship with Defendant;

b.    Whether Plaintiff and the DNC Class member were damaged

---

**COMPLAINT**

thereby, and the extent of damages for such violation; and

c.   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

39.   As a person that received numerous solicitation calls from Defendant within a 12-month period, who, to the extent one existed, had revoked any prior express consent and any established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Revocation Class.

40.   Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

41.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

42.   The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43.   Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard

**COMPLAINT**

to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class and ATDS Revocation Class**

44.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

46.     As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

47.     Plaintiff and the ATDS Class and ATDS Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class and the ATDS Revocation Class**

48.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-47.

49.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

50.     As a result of Defendant's knowing and/or willful violations of *47*

**COMPLAINT**

*U.S.C. § 227(b)*, Plaintiff  and the ATDS Class and ATDS Revocation Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

51.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

### On Behalf of the DNC Class and the DNC Revocation Class

52.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

53.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

54.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

55.    Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

### On Behalf of the DNC Class and DNC Revocation Class

56.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

---

**COMPLAINT**

57.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

58.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

59.     Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### **FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

### **SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request treble damages,

**COMPLAINT**

as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

60.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

///
///
///
///
///
///

---

**COMPLAINT**

1

2  Respectfully Submitted this 5th Day of October, 2016.

3              LAW OFFICES OF TODD M. FRIEDMAN, P.C.

4

5              By:   /s/ Todd M. Friedman
                     Todd M. Friedman
6                    Law Offices of Todd M. Friedman
                     Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**